Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for the Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MITCHELL HADDAD, an individual,<br><br>Plaintiff,<br><br>        v.<br><br>SALEH SPORTWEAR, INC., a California corporation, doing business as "Denim Exchange," and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. COPYRIGHT INFRINGEMENT;<br>2. CONTRIBUTORY COPYRIGHT INFRINGEMENT;<br>3. VICARIOUS COPYRIGHT INFRINGEMENT;<br>4. VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br>**JURY TRIAL DEMANDED** |

1
COMPLAINT

Mitchell Haddad hereby prays to this honorable court for relief based on the following:

## JURISDICTION AND VENUE

1.     This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2.     This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.     Mitchell Haddad ("Haddad") is an individual currently residing in Los Angeles.

5.     Upon information and belief, Haddad alleges that Defendant Saleh Sportswear Inc., doing business as Denim Exchange ("Denim Exchange"), is a California corporation doing business in and with this judicial district, through its principal place of business at 8718 Garfield Avenue, South Gate, California 90280.

6.     Defendants Does 1 through 10, inclusive (collectively with Denim Exchange, "Defendants"), are other parties not yet identified who have infringed Haddad's copyrights, have contributed to the infringement of Haddad's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise, are presently unknown to Haddad, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.     Haddad is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was

2
COMPLAINT

at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Haddad's rights and the damages to Haddad proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPHY

8.      Haddad is a professional photographer who has, over the course of his career, created an extensive catalog of original photographic works, including striking and iconic images of world-famous athletes, prominent political figures, celebrated artists, and other notable public figures. Through his skill, creativity, and artistic vision, Haddad has produced photographs that are widely recognized and highly valued. Among the notable figures Haddad has captured are President Barack Obama, the Dalai Lama, Oprah Winfrey, and Kobe Bryant.

9.      Because of the renown of his subjects, the skill and artistry that distinguish his works, and the resulting demand for his photographs, Haddad's images are frequently exploited by third parties without his authorization. Time and again, Haddad discovers his copyrighted photographs being reproduced and distributed without permission, license, or compensation, including on garments and other consumer merchandise offered for sale.

10.     Haddad owns and created the original photography depicted below (the "Subject Photography"):

**SUBJECT PHOTOGRAPHY**





COMPLAINT



11.    Haddad complied in all respects with the Copyright Act, 17 U.S.C. § 101, et. seq., and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photography, which Haddad has registered with the United States Copyright Office.

12.    Prior to the acts complained of herein, Haddad widely publicly displayed and disseminated the Subject Photography, including on his personal website, "https://mitchellhaddadphoto.com/".

13.    Haddad is informed and believes and thereon alleges that following his publication and display of the Subject Photography, Defendants used the Subject Photography without Haddad's authorization for commercial purposes in various ways, including, but not limited to, reproducing the Subject Photography on the company's products and prints, and the sale of said products (the "Infringing Products"). True and correct screen captures of the Infringing Products is depicted below:

## INFRINGING PRODUCTS

**URL: https://denimexchangeusa.com/products/stargazing-kobe-face-tee-black?pr_prod_strat=e5_desc&pr_rec_id=8b35e7fa9&pr_rec_pid=8836279369978&pr_ref_pid=8838390972666&pr_seq=uniform**



**URL: https://denimexchangeusa.com/products/stargazing-kobe-8-dodgers-tee-cream?srsltid=AfmBOootzSrpic3m8l9r2CiMdEyMz88n-28gMdo6dKI9txvSeu_wqgLw**



**URL: https://denimexchangeusa.com/products/stargazing-kobe-8-dodgers-tee-cream?_pos=12&_sid=dc36c0268&_ss=r**



**URL: https://denimexchangeusa.com/products/stargazing-kobe-8-dodgers-tee-cream?_pos=1&_sid=dc36c0268&_ss=r**



**URL: https://www.instagram.com/reel/DT6igy4j_bo/**



**URL: https://www.tiktok.com/@denimexchange/video/7544121116835548447**



8

COMPLAINT

**URL: https://www.instagram.com/reel/DT6igy4j_bo/**



**URL: https://www.instagram.com/reel/DT6igy4j_bo/**



COMPLAINT



**URL: https://www.instagram.com/p/DSdYnNukq6l/?hl=en**



**URL: https://www.tiktok.com/@denimexchange/video/7448724913717873951**



**URL: https://www.instagram.com/p/DR0OhAIkvMP/?hl=en**



**URL: https://www.tiktok.com/@denimexchange/video/756274689048843951**



**URL: https://www.tiktok.com/@denimexchange/video/754186146428287390**



**URL: https://www.instagram.com/reel/DLIrzKhBEBA/?hl=en**



**URL: https://www.instagram.com/reel/C5mDox4yNvd/?hl=en**

**URL: https://denimexchangeusa.com/products/stargazing-la-dodgers-8-in-24-kobe-lee-charcoal?_pos=30&_sid=dc36c0268&_ss=r**

14. Upon information and belief, Haddad alleges that Defendants, and each of them, accessed the Subject Photography, including through Haddad's numerous online profiles and features, publications and press featuring his work, his social media accounts, his numerous physical photography exhibitions, and/or through viewing the Subject Photography on third-party websites (e.g., Twitter, Instagram, Pinterest, internet search engines, etc.).

15. Haddad has not in any way authorized Defendants to exploit the Subject Photography.

16. On or around March 19, 2026, Haddad sent a letter to Denim Exchange, demanding that it cease and desist all publication, display, or sale of the Subject Photography and the Infringing Products. Denim Exchange, however, failed to meaningfully engage in resolution discussions with Haddad, necessitating this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

17. Haddad repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

14

COMPLAINT

18.    Upon information and belief, Haddad alleges that Defendants, and each of them, had access to the Subject Photography including, without limitation, through (a) viewing Haddad's website, as well as Haddad's online profiles, publications, and features; (b) access to illegally distributed copies of the Subject Photography by third-party vendors and/or Doe Defendants; and (c) products manufactured and sold to the public bearing products lawfully printed with the Subject Photography by Haddad for his customers and licensees.

19.    Upon information and belief, Haddad alleges that one or more of the Defendants manufactures products and/or is a vendor.  Haddad is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied products to said retailers, which products infringed the Subject Photography in that said products featured unauthorized print design(s) that were identical or substantially similar to the Subject Photography or were illegal derivations or modifications thereof.

20.    Upon information and belief, Haddad alleges that Defendants, and each of them, infringed Haddad's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Photography and by producing, distributing and/or selling products which infringe the Subject Photography through a network of retail stores, catalogues, and through on-line websites.

21.    Due to Defendants' acts of infringement, Haddad has suffered substantial damages to his business in an amount to be established at trial.

22.    Due to Defendants' acts of infringement, Haddad has suffered general and special damages, particularly in the form of lost business and licensing opportunities, in an amount to be established at trial.

23.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Photography. As such, Haddad is entitled to disgorgement of Defendant's profits directly and indirectly

attributable to Defendant's infringement of Haddad's rights in the Subject Photography in an amount to be established at trial.

24.     Haddad is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Haddad will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Contributory Copyright Infringement - Against All Defendants)

25.     Haddad hereby realleges and incorporates by reference herein each and every allegation in the preceding paragraphs as though fully set forth herein.

26.     On information and belief, Haddad alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photography as alleged hereinabove. Such conduct included, without limitation, creating derivative works, creating products which use the Subject Photography, and/or selling such derivative works and products and that that Defendants knew, or should have known, were not authorized to be published by Defendants.

27.     Defendants had actual knowledge and/or were aware of the facts and circumstances surrounding the creation of the Infringing Products.

28.     Haddad alleges that Defendants committed contributory copyright infringement with actual knowledge or reckless disregard of Haddad's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

29. By reason of Defendants' acts of contributory infringement as alleged above, Haddad has been damaged and has suffered damages in an amount to be established at trial.

30. Due to Defendants' acts of contributory copyright infringement as alleged herein, they have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Haddad's rights in the Subject Photography. As such, Haddad is entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of the Subject Photography, in an amount to be established at trial.

31. Haddad is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of contributory copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Haddad will make its election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

(For Vicarious Copyright Infringement - Against All Defendants)

32. Haddad repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

33. On information and belief, Haddad alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Infringing Products, and were able to supervise the reproduction, distribution, broadcast, and publication of the Infringing Products.

34. Defendants also have a direct financial interest in its suppliers' conduct, including with respect to the Infringing Products, because Defendants, particularly

Denim Exchange, realize increased profits through the proliferation and dissemination of the Infringing Products through its retail business(es) by disregarding the intellectual property rights of copyright holders such as Haddad and saving money on licensing fees and costs with regard to the same.

35.     Haddad alleges that Defendants committed vicarious copyright infringement with actual knowledge or reckless disregard of its rights such that acts of vicarious copyright infringement were, and continue to be, willful, intentional, and malicious.

36.     By reason of the Defendants', and each of their, acts of vicarious infringement as alleged above, Haddad has suffered general and special damages in an amount to be established at trial.

37.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Haddad's rights in the Subject Photography. As such, Haddad is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Haddad's rights in the Subject Photography, in an amount to be established at trial.

38.      On information and belief, Haddad alleges that Defendants, and each of them, have committed acts of vicarious copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

### FOURTH CLAIM FOR RELIEF

(For Violation of 17 U.S.C. § 1202(a) and (b) - Against All Defendants)

39.     Haddad repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

40.    As seen below and on Haddad's website, the Subject Photography was routinely published with attribution information including Haddad's name and/or the title of the works, all of which identify Haddad as the author and owner of the Subject Photography and qualify as copyright management information.



41.    Upon information and belief, Haddad alleges that Defendants, and each of them, removed Haddad's copyright management information from the Subject Photography before publishing, reproducing, displaying, distributing, and otherwise copying it and selling products bearing the Subject Photography to the public.

42.    On information and belief, it is alleged that Defendants, and each of them, appended their own CMI to Haddad's Subject Photography, including that of individual vendors on the website, products bearing said photography, tags attached to products bearing said designs, web pages bearing said designs, and online content bearing said designs.

43.    On information and belief, it is alleged that Defendants, and each of their, addition of their CMI to any product, material, or content incorporating, in whole or in part, the Subject Photography was false because Defendants do not own any rights or license relevant to the Subject Photography.

44.    On information and belief, it is alleged that Defendants, and each of them, distributed product bearing false CMI, including without limitation, CMI indicating that they held rights in or a license relevant to the Subject Photography.

45.    On information and belief, Defendants, and each of them, removed Haddad's CMI from his work, and appended their false CMI to his work, and distributed false CMI knowingly, intentionally, and with an intent to conceal their own infringement and enable and facilitate their sale of infringing product.

46.    The above conduct violates 17 U.S.C. 1202(a) and (b) and Haddad resultantly seeks separate statutory damages awards for each violation as well as attorneys' fees any other damages resultant from the violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Haddad prays for judgment as follows:

  a. That Defendants, their agents and employees be enjoined from infringing Haddad's copyrights in any manner, specifically those for the Subject Photography;

  b. That Haddad be awarded all profits of Defendants plus all losses of Haddad, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 504, and/or 17 U.S.C. § 1203;

  c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the products at issue;

  d. That Haddad be awarded his attorneys' fees as available under the 17 U.S.C. § 1203;

e. That Defendants, and each of them, account to Haddad for his profits and any damages sustained by Haddad arising from the foregoing acts of infringement;

f. That Haddad be awarded pre-judgment interest as allowed by law;

g. That Haddad be awarded the costs of this action; and

h. That Haddad be awarded such further legal and equitable relief as the Court deems proper.

## **<u>JURY DEMAND</u>**

Haddad demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: July 17, 2026

`

Respectfully submitted,

By: /s/ *Andres Navarro*
Trevor W. Barrett, Esq.
Andres Navarro, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*